IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES GYPSUM COMPANY,    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No. 03 C 6027
                                 )
LAFARGE NORTH AMERICA, INC., et al., )
                                 )
            Defendants,          )
---------------------------------)
LAFARGE NORTH AMERICA, INC.,     )
                                 )
            Counterplaintiff.    )
                                 )
      v.                         )
                                 )
UNITED STATES GYPSUM COMPANY,    )
                                 )
            Counterdefendant.    )

## MEMORANDUM OPINION AND ORDER

In its First Amended Complaint, plaintiff United States Gypsum Company ("USG") alleges that defendant LaFarge North America, Inc. ("LNA") misappropriated USG trade secrets concerning the manufacture of wallboard. LNA is owned by or otherwise affiliated with LaFarge S.A. ("LSA"), which is also named as a defendant. LSA is based in France and owns, in whole

or in part, a number of subsidiaries or affiliates located around the world. A number of those subsidiaries or affiliates are in the business of manufacturing wallboard. Also named as defendants are a number of former USG employees who allegedly provided USG trade secret information to LNA. Most of the individual defendants allegedly went to work for LNA at some point after leaving USG. It is alleged that defendants' use of the USG trade secrets occurred at LNA plants located in Kentucky, Florida, Delaware, New Jersey, and New York. See First Am. Compl. ¶¶ 44-45. There is no allegation that the misappropriated trade secrets were put to use at any LSA-affiliated plant in Europe or anywhere else in the world outside the United States.

Presently before the court is plaintiff's motion to compel. Plaintiff seeks three categories of documents or responses: (a) interrogatory responses regarding the use of purported USG technology at LSA plants throughout the world; (b) supplemented responses to interrogatories regarding the basis for defendants contending USG's claimed trade secrets are not actually secret, but known in the industry; and (c) annual strategic review documents from LSA's Gypsum Division.

As to the first category, USG seeks to compel answers to two interrogatories. USG's Interrogatory No. 13 asks defendants to identify and provide certain information regarding all communications involving USG information at LSA-affiliated

facilities throughout the world. For LSA-affiliated plants throughout the world and as to all LSA technology corresponding with purported USG trade secrets, USG Interrogatory No. 18 seeks a description of the development of this technology, a description of the use and communication of the technology, information about the initial shipment of related parts and ingredients, and a description of any cost savings or improvements related to the technology.

Defendants represent that an inquiry was made of LSA majority-owned business units throughout the world and no documents originating with USG were found outside North America other than one unopened attachment to an e-mail that USG does not contend constitutes a trade secret. Defendants represent that they have not made a worldwide inquiry regarding Interrogatory No. 18 because USG has no sufficient basis for believing any USG information has been distributed to any LSA affiliates other than LNA. USG claims certain documents show otherwise.[1] Defendants go through each of the cited documents, explaining that none of them shows any dissemination of USG information beyond LNA. In

---

[1] Most documents cited by the parties in their briefs regarding the motion to compel have not actually been provided by the parties because subject to a protective order. If necessary, the court would have requested that specific documents be submitted in camera. The parties, however, generally agree as to the contents of the documents so it is unnecessary to submit any in camera.

its reply, plaintiff does not dispute defendants' explanation. Plaintiff, though, points out that defendants have not denied that LSA has a Gypsum Division that maintains a best practices database which distributes information among the various affiliates. Regardless, plaintiff does not point to any USG information that has been entered into the best practices database. Plaintiff has not shown a sufficient basis for requiring LSA to bear the heavy burden of analyzing the technology used at its worldwide affiliates in order to determine if any of that technology corresponds with the USG technology at issue in the present case. The case before this court involves the alleged use of USG information at LNA plants in the United States. Information about technology used at the LNA plants at issue is sufficient for plaintiff's purposes. Defendants will not be compelled to provide further answers to Interrogatories 13 and 18.

As to the second category, defendants acknowledge their obligations to timely supplement their interrogatory responses regarding this issue, including as to newly identified trade secrets. At this time, there is no need to compel defendants to respond further. They shall continue to supplement the information as it becomes available.

Last, plaintiff seeks business strategy documents. Some or all of these documents apparently make mention of USG, a

principal competitor of LNA and other LSA-affiliates. Defendants contend these are business strategy documents, not documents about technology, and has declined to disclose them on the ground that they are irrelevant to the claims in this case. In its opening brief, plaintiff did not suggest why these documents were likely to be relevant. Instead, plaintiff contended that defendants did not have the right to decide the documents are irrelevant. Contrary to plaintiff's contention, a party may decline to provide discovery if it is not relevant for discovery purposes. See Fed. R. Civ. P. 26(b)(1). In its reply, plaintiff contends the documents would be relevant to the issue of personal jurisdiction over LSA in that the documents would be evidence of or likely to lead to evidence of LSA's involvement in LNA's business affairs in Illinois.

It is possible that the business strategy documents would be useful in showing LSA's involvement with LNA. The documents, however, apparently are sensitive business documents. Defendants will be required to provide the LSA Gypsum Division business strategy review and the LNA business strategy review for two years. USG may decide which years. Unless the court orders otherwise on further motion of plaintiff, the documents shall be for attorneys' eyes only.

IT IS THEREFORE ORDERED that plaintiff's motion to compel [137] is granted in part and denied in part. Within 7 days after

USG specifies the years, defendants shall provide LSA's Gypsum Division and LNA's business strategy annual review for two years. These documents are for attorneys' eyes only and must be returned to defendants within 7 days after review by plaintiff's attorneys.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JULY 25, 2005