IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*JH*

| | |
|---|---|
| UNITED STATES GYPSUM COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| Counterdefendant, | ) |
| | ) |
| v. | )   No. 03 C 6027 |
| | ) |
| LAFARGE NORTH AMERICA, INC., | ) |
| | ) |
| | ) |
| Defendant, | ) |
| Counterplaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| LAFARGE S.A., DANIEL C. MYSLINSKI, | ) |
| DAVID DOWNS, JOHN D. YOCKEY, TOM | ) |
| HUFFER, CHARLES JETT, ED GREEN, | ) |
| WILLIAM HARTFORD, WALTER WELDON, | ) |
| KURT F. KRUZSHAK, and SIDNEY SPEAR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On April 3, 2007, this court ruled on the parties' cross
motions for summary judgment. See United States Gypsum Co. v.
LaFarge North America, Inc., 2007 WL 1100804 (N.D. Ill. April 3,
2007) ("USG III"). That ruling substantially narrowed
plaintiff's remaining trade secret claims, see id. at *13-26;
dismissed certain state law claims in their entirety, see id.
at *29-30; and dismissed all claims against certain individual
defendants and narrowed the claims as to another individual, see
id. at *35-37. No state law claim was held to be preempted under

the Illinois Trade SecretS Act ("ITSA"), see id. at *27-28, and it was held that no defendant should be dismissed for want of personal jurisdiction, see id. at *33-34. Although not specifically raised by defendants, it was noted that the factual grounds for some of the rulings would support dismissal of additional state law claims and that it was expected that plaintiff would act in good faith in dropping such claims. See id. at *28.

More than three months after the summary judgment ruling was issued, defendants filed a motion that seeks reconsideration regarding the preemption ruling.[1] Defendants also seek relief that they characterize as enforcement of the summary judgment ruling, contending that plaintiff has produced expert discovery and supplemented discovery in a manner that is inconsistent with the summary judgment ruling.[2] Also, pending is plaintiff's

_____

[1]Defendants also contend that an aspect of the summary judgment ruling is inconsistent in that the court generally stated that a trade secret claim based on certain documents is still pending, but, when considering a claim against specific defendants, ruled that a claim based on certain of those documents was deficient. See Pl. Memo. at 6 n.9; USG III, 2007 WL 1100804 at *26, 36-37. Assuming the two holdings concern the same documents (having ruled more than three months earlier, the court has already disposed of the summary judgment exhibits which were not filed in the court record to avoid sealing bulky documents), the specific ruling as to the individual defendants would control.

[2]At the time defendant's motion was presented, the court informed the parties that it would rule on the motion based on the documents before it.

motion to compel that seeks reconsideration of prior discovery rulings in light of the summary judgment ruling.

When no judgment has been entered, no specific time limit applies to a motion for reconsideration and the district court has the authority to reconsider its ruling. Fed. R. Civ. P. 54(b); Denson v. Northeast Illinois Regional Commuter R.R. Corp., 2002 WL 745797 *1 (N.D. Ill. April 26, 2002); Anderson v. Cornejo, 199 F.R.D. 228, 252-53 (N.D. Ill. 2000). It is within the court's discretion as to what issues to reconsider, which can include arguments not previously raised. See Anderson, 199 F.R.D. at 253. Even though no specific deadline applies, it is good practice to promptly bring a motion to reconsider an interlocutory ruling and the court has the discretion to deny as untimely motions that are not brought within a reasonable time. See id. at 252-53; Petit v. City of Chicago, 2001 WL 1143163 *2 (N.D. Ill. Sept. 27, 2001).

It is recognized that the law regarding the preemptive effect of ITSA is not clear and some cases are inconsistent with each other. The court was well aware of that at the time it ruled and this is not the first time the issue has arisen before this bench. Defendants point to no new ruling that has clarified the law nor any other good reason to change the prior ruling. The ruling as to preemption will not be modified.

The other two issues raised in defendants' motion do not involve reconsideration of the summary judgment ruling.

- 3 -

Defendants complain that, in the guise of supplementing interrogatory answers, plaintiff has identified additional trade secrets. Fact discovery closed before the summary judgment motions were briefed. In its response, plaintiff does not dispute that it has identified additional trade secrets nor offer any grounds justifying adding new trade secrets at this point in time. Plaintiff may not pursue any trade secret or related claim based on a trade secret other than the ones listed in the summary judgment ruling as having survived summary judgment. See USG III, 2007 WL 1100804 at *26, 37.

Defendants' other contention is that, as evidenced by expert and other discovery provided after the summary judgment ruling, plaintiff continues to pursue claims that are inconsistent with the summary judgment ruling. It is true that, except as to contract claims and certain claims against individual defendants, defendants did not seek summary judgment as to non-trade-secret state law claims except based on preemption, which was rejected. Nevertheless, as was stated in the summary judgment ruling, consistent with the rulings on the trade secret claims (and the rulings as to individual defendants), it is apparent that aspects of the other state law claims are also without merit. Since not raised by defendants on summary judgment, the court did not actually dismiss such claims nor attempt to make any precise determination as to which particular claims should be dismissed. It was and still is

- 4 -

expected that plaintiff will act in good faith in dropping
affected claims.

Defendants contend that plaintiff has already acted in
ways that are inconsistent with the prior ruling and those
contentions appear to have at least some merit. At this time,
though, the court again declines to specifically determine which
additional aspects of claims are subject to dismissal. There are
a few reasons for declining to presently resolve this dispute.
First, defendants have not attached to their motion all the
documents supporting this contention, instead relying on an
affidavit of an attorney summarizing and describing certain
discovery including expert reports. Second, although plaintiff
did not ask to supplement its "preliminary" response, it is
recognized that plaintiff has not fully responded to this issue.
Third, the parties are likely to resolve some of these disputes
while working together to prepare the final pretrial order. To
the extent any disputes remain at the time the final pretrial
order is presented, defendants should raise such disputes in a
motion in limine that specifically identifies the aspects of
claims that should be dismissed.

Following the ruling on summary judgment, the parties
appeared at a status hearing and represented that the only
discovery that remained was expert discovery that had been
postponed at the time summary judgment motions had been filed in
the hope (at least partially realized at this point) that the

- 5 -

scope of expert discovery would be narrowed by the summary judgment ruling. Although representing that only expert discovery remained, two months later plaintiff moved to compel fact discovery, seeking reconsideration of prior discovery rulings, primarily in light of the summary judgment ruling. Plaintiff contends that the ruling regarding personal jurisdiction over LaFarge S.A. ("LSA") supports allowing discovery that was previously denied.

Regardless of the ruling as to LSA's control of LaFarge North America, Inc. ("LNA") (and impliedly other companies) through LSA's Gypsum Division, it is still true that the claims in this case are based on the conduct of LNA (and individual defendants employed by LNA). LSA is not claimed to be liable for misconduct it committed separate from LNA through other companies it controls. In this case, LSA is only claimed to be liable for participating in LNA's conduct or as the principal of LNA. While discovery as to LSA's European and other operations may produce some evidence tangentially related to LSA's alleged participation in LNA misconduct, it was within this court's discretion to limit the already extensive fact discovery that has been taken in this case. While LSA continues to be obliged to supplement prior discovery responses, some of which relate to non-LNA operations, plaintiff will not be permitted to pursue additional fact discovery regarding LSA's foreign operations.

Plaintiff seeks discovery as to wallboard lines at two
LNA plants that became operable in 2006. Defendants have already
represented that these lines do not use any of the processes
presently at issue and are not different (in a manner material to
this lawsuit) than when previously inspected by plaintiff.
Further discovery as to those lines will not be permitted.

Plaintiff seeks further discovery as to LSA's May 2006
acquisition of 100% of LNA's common stock. Plaintiff knew of the
acquisition prior to the completion of briefing on summary
judgment and the acquisition was raised in the briefs, but not
found to be relevant to the issue of personal jurisdiction over
LSA nor its control of LNA during an earlier time period relevant
to the claims in this case. Plaintiff contends that valuations
of LNA would have been made during the acquisition process and
that the value of LNA may be part of an alternative measure of
potential damages in this case. Plaintiff had a prior
opportunity to seek this discovery and its relevance is
questionable. They will not be permitted to reopen fact
discovery to obtain this evidence.

IT IS THEREFORE ORDERED that plaintiff's motion to compel
[247] is denied. Defendants' motion to enforce and for other
relief [267] is granted in part, denied in part, and denied in
part without prejudice. Plaintiff is prohibited from pursuing

any trade secret claims other than those the April 3, 2007
summary judgment ruling identifies as still pending.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: JULY 18, 2007

- 8 -